IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 OCT -4 A 9:58

| | |
|---|---|
| RONNIE McCLAIN, 133958 * | |
| LEON FOY, 125322 | |
| WILLIAM K. WALKER, 212483 * | |
| ROY MORE, 197649 | |
| ANDRE L. WEBSTER, 159444 | * CIVIL ACTION: 2:05CV943-F |
| PLAINTIFF[S] * | |
| VS. | * JURY TRIAL DEMANDED |
| BOB RILEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY * AS GOVERNOR OF ALABAMA | |
| DONAL CAMPBELL, INDIVIDUALLY * AND IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTION, * | |
| TROY KING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF * THE STATE OF ALABAMA * | |
| WILLIAM SEGREST, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY * AS THE EXECUTIVE DIRECTOR OF THE ALABAMA BOARD OF PARDON & PAROLE | |
| PAUL WHALEY, INDIVIDUALLY * AND IN HIS OFFICIAL CAPACITY AS THE EXECUTIVE DIRECTOR OF * THE ALABAMA DEPARTMENT OF CORRECTION CLASSIFICATION DIVISION * | |
| DEFENDANT[S] * | |

1.

## COMPLAINT

COMES NOW,RONNIE McCLAIN#133958,SEEKING TO REPRESENT HIMSELF AND OTHERS SIMILARILY SITUATED OR CURRENT AND FUTURE FEMALE/MALE STATE PRISONERS.PURSUANT TO THE DECLARATORY JUDGMENT ACT AND JUNCTIVE RELIEF AND MOVE THIS HONORABLE COURT TO **RE-OPEN** THE CASE OF **JERRY LEE PUGH VS.LOCKE** 406 F.SUPP 318.FOR THAT ON TO WIT;JANUARY 13,1976 IN THE MIDDLE DISTRICT OF ALABAMA.THE ABOVE NAMED DEFENDANT[S]WHILE ACTING IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITIES,DID CONSPIRE TOGETHER UNLAWFULLY,MALICIOUSLY AND WILLFULLY AND INTENTIONALLY TO VIOLATE THIS COURT MANDATE IN THE CASE OF **PUGH.**

1]. McCLAIN AND THE NAMED PLAINTIFF[S]BRING THIS SUIT ON BEHALF OF THEMSELVES AND ALL OTHER FEMALE/MALE PRISONERS IN ALABAMA. THE PLAINTIFF[S]IS SEEKING DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND MONETARY DAMAGES OF THREE HUNDRED MILLION DOLLARS($300,000,000.00) IN EXEMPLARY DAMAGES AGAINST THE ABOVE NAMED DEFENDANT[S].

2]. PLAINTIFF[S]ALLEGES THAT THE FEMALE/MALE PRISONERS IN THE STATE OF ALABAMA ARE AT A SUBSTANTIAL RISK OF SERIOUS INJURIES AND DEATH DUE TO THE OUTRAGEOUSLY OVERCROWDED AND DANGEROUS CONDITIONS IN WHICH THEY ARE FORCED TO LIVE AT ELMORE CORRECTIONAL FACILITY AND JULIA TUTWILER FACILITY AND OTHER PRISONS IN THE STATE OF ALABAMA.

3]. THIS COURT HELD IN **PUGH**"WHILE FEDERAL COURTS CONTINUE TO RECOGNIZE BROAD DISCRETION REQUIRED FOR STATE PRISON OFFICIALS TO MAINTAIN ORDERLY AND SECURE INSTITUTIONS,CONSTITUTIONAL DEPRIVATIONS OF SUCH MAGNITUDE AS ALLOW MAINTENANCE OF FACILTIES THAT ARE WHOLLY UNFIT FOR HUMAN HABITATION CANNOT BE COUNTENANCED".MALE PRISONERS IN THE STATE OF ALABAMA ARE PACKED SO TIGHTLY INTO DORMATORIES THAT THE EXTREME TENSION VILATILITY CAUSED BY LACK OF LIVING SPACE RESULTS IN NUMEROUS OF FIGHTS AND OTHER SERIOUS ASSAULTS.THE POTENTIAL VIOLENCE IN ALL ALABAMA STATE PENITENTIARIES IS EXACERBATED BY THE LACK OF ALL INMATES MIXED WITH EACH OTHER AND OPEN DORMATORIES.

4]. THE PLAINTIFF[S]SEEKS INJUNCTIVE RELIEF UNDER THE CONSTITUTIONAL MANDATE OF **PUGH** AND ACCORDING TO THIS COURT MANDATE"FAILURE OF STATE OFFICIALS TO COMPLY WITH MINIMUM STANDARDS SET FORTH IN ORDER OF COURT WITH RESPECT TO INHUMANE CONDITIONS FOUND TO EXISIT IN ALABAMA PENAL INSTITUTIONS WOULD NECESSITATE CLOSING OF SUCH INSTITUTIONS IN FUTURE".**42 U.S.C.A SEC.1983; U.S.C.A.CONST.AMENDS.8,14.**DUE TO THE OVERCROWDINESS OF ELMORE CORRECTIONAL FACILITY AND OTHER ALABAMA STATE PRISONS,THERE HAVE BEEN A MAJOR OUTBURST OF **STAPH INFECTIONS,HEPATITIS[C],TUBERCULOSIS.**THE PRISON CANNOT MAINTAIN A PROPER SEWAGE SYSTEM THAT HAVE BEEN FOUND TO BACK UP INTO THE ELMORE CORRECTIONAL KITCHEN AREA AND OTHER ALABAMA STATE PRISONS AS WELL,WHICH IS **INHUMANE.**DEFENDANT[S]HAVE FAILED TO CARRY OUT THEIR STATUTORY AND CONSTITUTIONAL DUTIES/OBLIGATIONS THAT WAS ORDERED BY THIS COURT. TO MAINTAIN AND OPERATE CORRECTIONAL FACILITIES THAT PROVIDES THE BASIC SAFETY AND SECURITY.PLAINTIFF[S]BRINGS THIS SUIT ON BEHALF OF THEMSELVES AND OTHERS SIMILARILY SITUATED,PURSUANT TO **42 U.S.C** SEC.1983,1985(3),1986. AND THE EIGHTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## JURISDICTION

_5].THIS ACTION IS BROUGHT PURSUANT TO **42 U.S.C.SEC.1983,1985(3), 1986** AND **42 U.S.C SEC.12131 et sq.**THIS COURT HAS JURISDICTION OVER PLAINTIFF[S]CLAIMS PURSUANT TO **28 U.S.C.SEC 1331**AND **1343**OF THE UNITED STATE CONSTITUTION.

6].**THIS** COURT IS AUTHORIZED TO GRANT DECLARATORY AND INJUNCTIVE RELIEF UNDER **28 U.S.C SEC.2201** AND **2202.**AND PURSUANT TO **28 U.S.C SEC.1915.** THAT ANY COURT OF THE UNITED STATES MAY AUTHORIZE THE COMMENCEMENT,PROSEC- UTION OR DEFENSE OF ANY SUIT,ACTION OR PROCEEDING,CIVIL OR CRIMINAL OR APPEAL THEREIN.WITHOUT PREPAYMENT OF FEES OR SECURITY THEREFORE,BY A PERSON WHO SUBMIT AN AFFIDAVIT THAT INCLUDES A STATEMENT OF ALL ASSETS SUCH FEES OR GIVE SECURITY THEREFORE.THE PLAINTIFF[S]IN THIS SUIT IS UNABLE TO PAY SUCH FEES IN REQUEST THIS COURT TO ALLOW PLAINTIFF[S]TO PROCEED INDIGENT.

7]. THE PLAINTIFF[S]BRINGS THIS SUIT AS A CLASS ACTION AND DUE TO THE MULTITUDE OF THE CLASS THE PLAINTIFF[S]REQUEST THIS HONORABLE COURT FOR AN APPOINTMENT OF COUNSEL UNDER THE AUTHORITY OF **TITLE 18 U.S.C SEC,3006(A)**

READ IN PERTINENT PARTS (A).CHOICE OF PLAN;EACH UNITED STATE DISTRICT COURT, WITH THE APPROVAL OF THE JUDICIAL COUNCIL OF THE CIRCUIT,SHALL PLACE IN OPERATION THROUGHTOUT THE DISTRICT A PLAN FOR FURNISHING REPRESENTATION FOR ANY PERSON FINANCIALLY UNABLE TO OBTAIN ADEQUATE REPRESENTATION IN ACCORDANCE WITH THIS SECTION.REPRESENTATION UNDER EACH PLAN SHALL INCLUDE CUNSEL AND INVESTIGATIVE.

## VENUE

8].THE MIDDLE DISTRICT OF ALABAMA IS AN APPROPIATE VENUE FOR THIS ACTION UNDER 28 U.S.C 1391(B)(2)BECAUSE A"SUBSTANTIAL PART OF THE EVENTS OR OMISSION GIVING RISE TO THE CLAIM[S]OCCURED"IN THIS DISTRICT AND ONE OR MORE OF THE DEFENDANT[S]LIVES IN THIS DISTRICT.

## PARTIES

9].PLAINTIFF[S] ARE SERVING SENTENCES THROUGH CONFINDMENT AT THE ELMORE CORRECTIONAL FACILITY.THE NAMED PLAINTIFF[S]SEEKS TO REPRESENT THEMSELVES AND OTHER SIMILARILY OR CURRENT FUTURE FEMALE/MALE STATE PRISONERS.

10].DEFENDANT **BOB RILEY IS THE GOVERNOR OF THE STATE OF ALABAMA.** AS CHIEF EXECUTIVE OF THE STATE OF ALABAMA,DEFENDANT RILEY HAS THE AUTHORITY TO EXERCISE"ALL FUNCTIONS AND DUTIES OF THE DEPARTMENT OF CORRECTIONS.. ACTING MY HIMSELF OR THROUGH SUCH ADMINISTRATIVE DIVISIONS OR SUCH OFFICERS OR EMPLOYEES OR INDIVIDUALS AS HE MAY DESIGNATE"ALA.CODE SEC.14-1-17,14-1-1. DEFENDANT RILEY IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS GOVERNOR OF ALABAMA.

11].DEFENDANT **TROY KING IS THE ATTORNEY GENERAL OF THE STATE OF ALABAMA.**AS ATTORNEY GENERAL HAS RESPONSIBILITY TO HAVE AND RETAIN ALL POWER,DUTIES AND AUTHORITY HERETOFORE GRANTED OR AUTHORIZED BY THE CONSTITUTION,STATUTORY LAW OR THE COMMON LAW.SEC.36-15-1-1,NOTHING CONTAINED IN HIS ARTICLE SHALL BE CONSTRUED SO AS TO IN ANYWAY RESTRICT, LIMIT OT ABRIDGE THE POWER,DUTIES OR AUTHORITY OF THE ATTORNEY GENERAL AS HEREFORE AUTHORIZED BY THE CONSTITUTION,STATUTORY LAW OR COMMON LAW.

DEFENDANT KING IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF ALABAMA.

12]. DEFENDANT DONAL CAMPBELL IS THE COMMISSIONER OF THE ALABAMA STATE DEPARTMENT OF CORRECTIONS. ALA.CODE SEC.14-1-1.3. AS COMMISSIONER, MR. CAMPBELL IS RESPONSIBLE FOR THE DAILY SUPERVISION OF ALL OPERATIONS AT THE ALABAMA DEPARTMENT OF CORRECTIONS. HE IS ALSO THE HIGHEST RANKING OFFICIAL IN THE ALABAMA DEPARTMENT OF CORRECTIONS. DEFENDANT CAMPBELL IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS THE COMMISSIONER OF THE STATE OF ALABAMA DEPARTMENT OF CORRECTIONS.

13] DEFENDANT WILLIAM SEGREST IS THE EXECUTIVE DIRECTOR OF THE ALABAMA DEPARTMENT OF BOARD OF PARDON & PAROLE. THE BOARD SHALL BE THE ADVISOR OF THE GOVERNOR AND THE LEGISLATURE IN MATTERS RELATING TO PENAL AND CORRECTIONAL INSTITUTIONS, PARDON & PAROLE AND RELATED MATTERS. DEFENDANT SEGREST IS BEING SUED IN THIS INDIVIDAL AND OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE ALABAMA BOARD OF PARDON & PAROLE.

14]. DEFENDANT PAUL WHALEY IS THE EXECUTIVE DIRECTOR OF THE STATE OF ALABAMA DEPARTMENT OF CORRECTION **CLASSIFICATION DIVISION**. HIS RESPONSIBILTY IS TO PROVIDE CONSISTENT, EFFICIENT, DEPENDABLE AND CONSTITUTIONALLY ACCEPTABLE DECISIONS CONCERNING OFFENDERS DURING THEIR INCARCERATION WITH REGARDS TO CUSTODY, INSTITUTIONAL PLACEMENT, WORK ASSIGMENT, EDUCATION AND TRAINING, COUNSELING, GUIDANCE, THERAPY AND OTHER SPECIAL PROGRAMS AND ACCORDANCE WITH THE NEEDS AND RESOURCES OF THE DEPARTMENT AND NEEDS AND ABILITIES OF THE OFFENDERS. DEFENDANT WHALEY IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS THE EXECUTIVE DIRECTOR OF THE STATE DEPARTMENT OF CORRECTION CLASSIFICATION DIVISION.

15]. AT ALL TIMES RELEVANT TO THE EVENTS DESCRIBED HEREIN, DEFENDANTS WERE EMPLOYED BY AND ACTED UNDER COLOR OF LAW OF THE STATE OF ALABAMA.

## CLASS ACTION ALLEGATIONS

16]. THE PLAINTIFF[S] BRINGS THIS ACTION ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARILY SITUATED PRISONERS PURSUANT TO **RULE 23(A)AND(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**..

**THE CLASS CONSISTS OF ALL FEMALE/MALE.** WHO ARE NOW OR WHO WILL IN THE **FUTURE** BE INCARCERATED IN AN ALABAMA DEPARTMENT OF CORRECTIONAL FACILITIES.

17]. THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMERS IS IMPRACTABLE. THERE ARE TOTALED AT 30,000 FEMALE/MALE PRISONERS IN THE STATE OF ALABAMA CORRECTIONAL FACILITIES.

18]. **THERE** ARE QUESTIONS OF LAW AND FACTS COMMON TO THE CLASS. THESE INCLUDES THE NATURE AND CONSTITUTIONALITY OF THE CONDITIONS, PRACTICES, POLICIES AND TREATMENTS OF FEMALE/MALE PRISONERS IN THE ALABAMA CORRECTIONAL FACILITIES.

19]. THE CONDITIONS, POLICIES, PRACTICES AND TREATMENT CHALLENGED IN THIS ACTION APPLY WITH EQUAL FORCE TO THE NAMED PLAINTIFF[S] AND ALL MEMBERS OF THE CLASS SO THAT THE CLAIMS OF THE NAMED PLAINTIFF[S] TYPICAL OF THOSE OF THE CLASS.

20]. THE NAMED PLAINTIFF[S] WILL FAIRLY AND ADEQUATELY REPRESENT THE INTEREST OF THE CLASS. THE POSSESS THE REQUISITE PERSONAL INTEREST IN THE SUBJECT MATTER OF THE LAWSUIT. SEVERAL OF THE NAMED PLAINTIFF[S] ARE KNOWLEDGEABLE IN THE AREA OF CONSTITUTIONAL LAW, SEVERAL NAMED PLAINTIFF[S] HAVE WORKED AS LAW CLERKS WITHIN THE DEPARTMENT OF CORRECTIONS. THEY ARE EXPERIENCED IN CLASS-ACTION LITIGATION, INVOLVING UNCONSTITUTIONAL CONDITIONS IN PRISONS AND JAILS.

21]. DEFENDANT[S] HAVE ACTED AND REFUSED TO ACT ON GROUNDS GENERALLY APPLICABLE TO THE CLASS, THEREBY MAKING APPROPIATE FINAL DECLARATORY AND INJUNCTIVE RELIEF WITH RESPECT TO THE CLASS AS A WHOLE.

## STATEMENTS OF FACTS

    A. **MINIMUM** SECURITY FEMALES PRISONERS ARE BEING FORCED TO BE HOUSED WITH MAXIMUM SECURITY FEMALE INMATES.

    B. THE ALABAMA PRISON SYSTEM AT ELMORE WAS DESIGNED TO HOLD <u>600</u> MALE PRISONERS.

### C. MALE PRISONERS IN ALABAMA ARE CONFINED IN SEVERLY OVERCROWDED AND UNDERSTAFFED FACILITIES.

22]. FEMALE PRISONERS AT JULIA TUTWILER ARE FORCED TO BE HOUSED WITH DIFFERENT CLASS OF PRISONERS WHEREAS, THE MALE PRISONERS IN ALABAMA HAVE A MAXIMUM SECURITY PRISONS AND A MINIMUM SECURITY PRISONS TO SEPERATE THE EXTREME VIOLENT PRISONERS FROM ONE ANOTHER.

23]. THE ALABAMA PRISON SYSTEM AT ELOMRE FACILITY WAS DESIGNED TO HOLD NO MORE THAN **600** MALE PRISONERS. ELMORE CORRECTIONAL FACILITY IS OVER IT'S CAPACITY AT MORE THAN **100%**.

24]. TO ACCOMMODATE THE EXCESSIVE NUMBER OF MALE PRISONERS WITHIN THE ALABAMA PRISON SYSTEM, THE DEFENDANT[S] OVER THE YEARS HAVE ADDED BUNK BEDS TO THE NORMALL SINGLE BEDS IN THE DORMATORY AREA OF ALL LIVING AREA'S. FURTHERMORE, THE DEFENDANT[S] HAVE REFURISHED SEVERAL CORRECTIONAL FACILITIES AREA'S INTENDED FOR SCHOOLS, CHAPEL, HOSPITAL, AS WELL AS MANUFACTURING BUILDINGS INTO DORMATORIES FOR PRISONERS. THE OLD A.C.I CANNING PLANT AT STATON CORRECTIONAL FACILITY WAS RECENTLY CONVERTED INTO A COMPACT **356** BED DORMATORY. DRAPER WAS OPENED IN 1938 AND IS THE OLDEST RUNDOWN MALE PENITENTIARY IN THE STATE OF ALABAMA, CURRENTLY HOUSING MORE THAN **1200** INMATES, WHICH WAS ONLY DESIGNED TO HOUSE **632.**

25]. ELMORE, ALONG WITH VARIOUS INSTITUTIONS THAT ARE HOUSING WELL OVER THE CAPACITY ARE WITHOUT ANY HOSPITAL. ELMORE, DRAPER AND FRANK LEE YOUTH CENTER ARE USING STATON INSTITUTIONAL MEDICAL FACILITY, TO CARE FOR THE MINIMUM AND EXTREMELY ILLNESS. "OFFICIALS RESPONSIBILIES FOR ALABAMA PENAL SYSTEMS WERE REQUIRED TO PROVIDE REASONABLE MEDICAL CARE FOR PRISONERS IN VARIOUS INSTITUTIONS. WHEREAS, THE FAILURE OF THE PRISONERS CORRECTIONAL SYSTEM TO PROVIDE SUFFICIENT MEDICAL FACILTIES AND STAFF TO AFFORD INMATES BASIC ELEMENTS OF ADEQUATE MEDICAL THIS FAILURE CONSTITUTED A WILLFULLY AND INTENTIONALLY VIOLATES THE RIGHTS OF PRISONERS GUARANTEE UNDER EIGHT AMENDMENTS **U.S.C.A CONST. AMEND 8,14.**

26]. THE SEATING CAPACITY IN THE ELMORE CORRECTIONAL FACILITIES KITCHEN FALLS FAR BELOW THE ABILITY TO ACCOMMODATE THE OVERCROWDED POPULATION AT ELMORE CORRECTIONAL FACILITY AS WELL AS OTHER INSTITUTIONS THROUGHOUT THE STATE, DUE TO THE STATEWIDE OVERCROWDINESS.

27]. THE FOOD SERVICE CONDITIONS ARE EQUALLY UNSANITARY, FOOD IS IMPROPERLY STORED IN DIRTY STORAGE UNITS AND IS OFTEN INFESTED WITH INSECTS. MECHANIC DISHWASHERS WATER IN THE KITCHEN DOES NOT PROPERLY OR THOROUGHLY CLEANSE THE SPOONS, TRAYS, OR CUPS THAT THE MALE PRISONERS HAVE TO UTILIZE. ARE NOT ADEQUATELY MAINTAIN AND THEREFORE ARE NOT EVEN APPROACHING THE MINIMUM TEMPERATURE REQUIRED FOR THE PROPER SANITATION. GARBAGE SITS IN THE DINNING HALL AS A GENERAL RULE, IN LARGE OPENED DRUMS IN AREA'S WHERE FOOD IS BEING PREPARED. THERE ARE NO PROPER MEALS BEING SERVED AT THE ELMORE CORRECTIONAL FACILITY ALL THREE MEALS ARE FAR BELOW MINIMUM STANDARDS THAT ARE REQUIRED.

28]. EACH BAY OF DORMATORY HOUSE 198 PRISONERS WITH ONLY **8 TOILETS, 8 WORKING SHOWERHEADS, 8 SINK AND 1 URINAL PER BAY.** THIS HONORABLE COURT CONSTITUTIONAL MANDATE AND **PUGH** STATES AS FOLLOWS;

"EACH INSTITUTION **SHALL** MAINTAIN IN WORKING ORDER **ONE (1) TOILET PER 15 INMATES, ONE (1) URINA OR ONE (1) FEET OF URINAL THROUGH PER (15) INMATE, ONE (1) SHOWER PER (20) INMATE AND ONE (1) LAVATORY PER (10) INMATE"** INJUNCTION WAS ISSUED TO ENJOIN STATE OF ALABAMA FROM MAINTAINING A PRISON SYSTEM THAT WAS NOT OTHERWISE IN COMPLIANCE WITH CONSTITUTIONAL REQUIREMENTS IN RESPECT TO THE OVERCROWDING.

29]. THE PLAINTIFF[S] CHALLENGES THE POLICIES AT THE ELMORE CORRECTIONAL FACILITY AND VARIOUS OTHER ALABAMA PENAL INSTITUTIONS, WHICH ALLOWS PRISONERS WITH COMMUNICABLE DISEASES TO WORK FOOD SERVICE JOBS. THIS FACILITY HAVE INMATES THAT HAVE BEEN DIAGNOSED WITH **HEPATITIS[C], WOUNDS THAT IS OPEN SUCH AS STAPH INFECTIONS.**

8.

30]. THE CUBICLES ARE PLACED PROPERLY WITHIN THE DORMATORIES, THERE ARE INADEQUATE STAFF THROUGHOUT THE ALABAMA PENAL SYSTEMS. THERE IS NO WAY THAT IF AN INMATE NEEDED ASSISTENCE, THAT HE COULD GET IT, BECAUSE TWO OFFICERS ARE NORMALLY ASSIGNED TO EACH DORM IN ORDER TO SECURE TWO BAYS THAT IS PACKED WITH BUNK BEDS FROM THE FRONT TO THE BACK OF THE DORMS, LEAVING IT VIRTUALLY IMPOSSIBLE FOR THE OFFICER IN OR OUT OF THE CUBICLES TO HAVE VISIBILITY OF THE DORMATORY. **FOR EXAMPLE:**

   1]. OFFICERS JUST CANNOT MONITOR THE TELEVISION AREA

   2]. AND THE TWO BAY DORMATORIES AT THE SAMETIME

   3]. WHICH ALSO INCLUDES THE SHOWER, LAVATORY AREA.

31]. THE NAMED PLAINTIFF[S] AND ALL OTHER SIMILARILY SITUATED CURRENT AND FUTURE FEMALE/MALE STATE PRISONERS IN ALABAMA ARE VICTIMS OF PRICE GOUGING, WHEREAS, THE PHONE PRICES ARE THREE TIMES THE AMOUNT THROUGH SERVICE IN SOCIETY. INMATES AT THE AGE OF **50 AND OLDER** ARE BEING FORCED TO LIVE WITH OTHER INMATES WHOSE MUCH YOUNGER AND INVOLVED WITHIN GANG ACTIVITIES, WHICH INCREASES THE RISK OF FIGHTS AND PHYISCAL ASSAULTS. THE DEPARTMENT OF CORRECTION CANNOT ADEQUATELY PROTECT THE EDLERLY INMATES NOR THEIR PROPERTY.

32]. DUE TO SEVER OVERCROWDING MALE PRISONS IN ALABAMA ARE DENIED THEIR BASIC HUMAN NEEDS FOR ADEQUATE LIVING SPACE, VENTILATION, AND PERSONAL SAFETY AND SECURITY. THE POTENTIAL FOR SERIOUS VIOLENCE AMONG PRISONERS WHO ARE DEPRIVED OF ADEQUATE LIVING SPACE, VENTILATION, PERSONAL SAFETY AND SECURITY, AND OTHER BASIC NEEDS IS EXCEPTIONALLY HIGH.

33]. PRISONERS OUTNUMBERS SECURITY STAFF BY A DANGEROUSLY HIGH NUMBER. ALABAMA'S PRISONERS TO GUARD RATIO IS ONE OF THE WORSE IN THE NATION. AS A RESULT THE GUARDS ARE UNABLE TO PROVIDE EVEN MINIMUM ADEQUATE PROTECTION AND MALE PRISONERS ARE AT A SUBSTANTIAL RISK OF ASSAULT.



34].DUE TO SEVERE OVERCROWDING FEMALE/MALE IN ALABAMA ARE DENIED THEIR BASIC HUMAN NEEDS FOR ADEQUATE CLOTHING,SUCH AS HEAVER COATS FOR THE WINTER WETHER,GLOVES,TOBOGGANS,THERMAL UNDERWEARS,THESE ITEMS ARE ONLY PROVIDED IF INMATES ARE FORTUNATE TO HAVE SOMEONE ON THE OUTSIDE TO SEND THEM INDIGENT PRISONERS ARE BEING DENIED THE BASIC HUMAN NEEDS BY THE ABOVE NAMED DEFENDANT[S]

35].WHEN INMATE-ON-INMATE ASSAULTS OCCUR IT IS VERY DIFFICULT TO GET THE ATTENTION OF A SINGLE GUARD,WHO THEN HAVE TO WAIT FOR BACKUP BEFORE ATTEMPTING TO INTERVENE.MANY SECURITY OFFICERS,OUT OF FEAR FOR THEIR OWN SAFETY,CHOSE TO IGNORE FIGHTS AND ASSAULTS ALL TOGETHER.OTHERS WAIT UNTIL AFTER THE DANGER IS DONE BEFORE STEPPING IN TO ISSUE DISCIPLINARY WARNINGS OR ACTIONS.

36].DEFENDANT[S] HAVE ACTED CONTINUOUSLY WITH DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SERIOUS INJURIES TO WHICH PLAINTIFF[S] AND OTHER CLASS MEMBERS ARE EXPOSED.

37].FOR MANY YEARS DEFENDANT[S]HAVE KNOW ABOUT AND FAIL TO TAKE THE NECESSARY STEPS TO ABATE THE RAPIDLY WORSENING SITUATION CONDITIONS CHALLENGED IN THIS LAWSUIT AND THEIR DELIBERATE INDIFFERENCE TO THESE CONDITIONS HAS RESULTED IN THE CRISIS THAT NOW THREATENS THE BASIC HEALTH AND SAFETY OF NAMED PLAINTIFF[S]AND ALL MEMBERS OF THE PLAINTIFF[S]CLASS.DEFENDANTS ARE AWARE OF THE SERIOUS HARM,THAT RESULTS FROM CONFINING PEOPLE IN SEVERELY OVERCROWDED FACILITIES,BUT THEY HAVE DONE LITTLE OTHER THAN BLAME ONE ANOTHER OR THEIR PRECEDECESSORS FOR THE CURRENT DISASTROUS SITUATION. **[SEE HERE TO ATTACH EXHIBITS].**

38].THIS COURT HAS REPEATEDLY FOUND THAT OVERCROWDING INEVITABLY CAUSES AND EXACERBATES OTHER IMPREMISSIBLE PRISON CONDITIONS THIS COURT HAS EXPLICITLY AND ONMULTIPLE OCCASSIONS ORDERED THE DEFENDANT[S]TO REMEDY THE OVERCROWDING THAT HAS BEEN ENDEMIC IN ALABAMA'S PRISON SYSTEM FOR THE PAST 30 YEARS.

39]. DUE TO THE EXTREME OVERCROWDINESS THE ALABAMA BOARD OF PARDON & PAROLE ARE ARBITRARY AND CAPRICIOUS DENYING PLAINTIFF[S] AND OTHER SIMILARILY SITUATED FEMALE/MALE ALABAMA STATE PRISONERS, BY NOT HAVING ANY SPECIFIC CRITERIA. FOR EXAMPLE THE DEPARTMENT OF CORRECTION BOARD OF PARDON & PAROLE IS PRACTICING RETAINING FEMALE/MALE TECHNICAL VIOLATERS BACK INTO THE SYSTEM FOR FIVE TO TWENTY YEARS AND EVEN LONGER OR FORCING THE INMATES TO DO THEIR ENTIRE SENTENCES.

40]. THERE ARE NO ADMINISTRATIVE REMEDIES WITHIN THE ALABAMA DEPARTMENT OF CORRECTIONS FOR NAMED PLAINTIFF[S] AND OTHER MEMBERS OF THE PLAINTIFF CLASS TO EXHAUST.

41]. DEFENDANT[S] DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF SERIOUS PHYSICAL VIOLENCE TO WHICH FEMALE/MALE PRISONERS IN ALABAMA ARE EXPOSED, VIOLATES PLAINTIFF[S] RIGHT UNDER THE EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AS ENFORCED THROUGH 42 U.S.C SEC 1983.

42]. DEFENDANT[S] DELIBERATE INDIFFERENCE TO THE DENIAL OF PLAINTIFF[S] BASIC HUMAN NEEDS, INCLUDING LIVING SPACE, VENTIALATION AND PERSONAL SAFETY AND SECURITY. VIOLATES THE PLAINTIFF[S] RIGHT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS ENFORCED THROUGH **42U.S.C SEC 1983.**

43]. RATHER THAN TAKING THE RESPONSIBILITY FOR THE OVERCROWDINESS THE DEFENDANT[S] AND THEIR PREDECESSORS HAVING ALLOWED THE OVERCROWDINESS TO WORSEN STEADILY. MOST NOTICABLY, DEFENDANT[S] HAVING INTENTIONALLY ALLOWED THE PRISONERS TO LINGER IN THE COUNTY JAILS IN AN ATTEMPT TO SHIFT THE RESPONSIBILITIES FOR THOSE PRISONERS CUSTODY FROM THE STATE TO THE COUNTY.

## PRAY FOR RELIEF

**WHEREFORE,** PLAINTIFF[S] RESPECTFULLY PRAY THAT THIS COURT;

44]. PERSONALLY CONDUCT AN UNANNOUNCED INSPECTION OF ELMORE CORRECTIONAL FACILITY.

45]. SCHEDULE A EVIDENTIARY HEARING ON PLAINTIFF[S] MOTION FOR A PRELIMINARY INJUNCTION TO TAKE PLACE **WITH 14 DAYS.**

46].**IMMEDIATELY** GRANT THE PLAINTIFF[S]LIMITED EXPEDITED DISCOVERY TO DETERMINE FACTS RELATED TO THEIR REQUEST FOR A PRELIMINARY INJUNCTION,INCLUDING AN EXPERT INSPECTION OF THE PRISON FACILITY, DEPOSITIONS OF PRISON OFFICIALS AND ACCESS TO MEDICAL AND INSTITUTIONAL RECORDS AND OTHER DOCUMENTS RELEVANT TO THE NEED FOR A PRELIMINARY INJUNCTION.

47].GRANT PLAINTIFF[S]A FULL TRIAL AND DISCOVERY IN THIS MATTER;

48].ADJUDGE AND DECLARE THAT THE ACTS AND OMMISSIONS OF THE DEFENDANT[S] WITH REGARDS TO THE CLASS MEMBERS VIOLATE THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

49].ORDER THE DEFENDANT[S]TO COMPLY WITH THE CONSTITUTIONAL MANDATE OF **PUGH** AND ENJOIN DEFENDANT[S]FROM SUBJECTING PLAINTIFF[S] TO CRUEL AND UNUSUAL PUNISHMENT;AND HINDERING AND DELAYING THE PLAINTIFF[S]AND THE PLAINTIFF[S]AND THE PLAINTIFF CLASS TO THE INSTITUTIONAL .

50].AWARD PLAINTIFF[S] THE COSTS OF THIS LAWSUIT AND REASONABLE ATTORNEY FEES;

51].ORDER SUCH ADDITIONAL RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

52].ORDER THE DEFENDANT[S]NOT TO TRANSFER THE PLAINTIFF[S]OR ANY MEMBERS OF THE PLAINTIFF CLASS OUT OF RETALIATION FOR FILING THIS COMPLAINT.

53].PUT ALL OF THE PLAINTIFF[S]UNDER THIS COURT'S PROTECTION.

54].**IMMEDIATELY** GRANT THE PLAINTIFF[S]RELIEF FROM ANY FURTHER CUSTODY OF THE ALABAMA DEPARTMENT OF CORRECTION UNCONSTITUTIONAL CONDITIONS OF THE OVERCROWDINESS,PURSUANT TO **TITLE 18 U.S.C SEC. 3626.**

RESPECTFULLY SUBMITTED

_____
RONNIE MCLAIN#133958
P.O BOX 8B1-132
ELMORE,AL.36025

RESPECTFULLY SUBMITTED

_____
LEON FOY#125322
P.O BOX 8 B1-174
ELMORE,AL.36025

RESPECTFULLY SUBMITTED

~~_____
WILLIAM K.WALKER#212483
P.O BOX 8 B1-42
ELMORE,AL.36025~~ R. Mc 9-30-05

RESPECTFULLY SUBMITTED

_____
ROY MORE#197649
P.O BOX 8 A2-15
ELMORE,AL.36025

RESPECTFULLY SUBMITTED

_____
ANDRE L.WEBSTER#159444
P.O BOX 8 C2-152
ELMORE,AL.36025

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY 30 OF September,05

_____
NOTARY PUBLIC

2/12/2007
_____
MY COMMISSION EXPIRES:

13.