IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
OF THE NORTHERN DIVISION

2005 DEC -1  A 10: 02

Roy MOSE #197649,
    PETITIONER

| CASE NO:2:05-cv-943 F
| CASE NO:2:05-cv-944 F

VS.

| CASE NO:2:05-cv-947 F

BOB RILEY ET AL,.
    RESPONDENT[s]

| CASE NO:2:05-cv-948 F

## MOTION TO INTERVENE

COMES NOW, Roy MOSE, 197649 THE PETITIONER IN THE ABOVE STYLED CASE AND PURSUANT TO **FED.R.CIV.P.RULE 24** AND MOVE THIS HONORABLE COURT TO ALLOW THE PETITIONER TO INTERVENE. THE PETITIONER INTEREST IS REPRESENTED IN THE CASE OF **RONNIE McCLAIN, LEON FOY, ROY MORE, AND ANDRE WEBSTER,** CHALLENGING THE CONSTITUTION CONDITIONS OF CONFINEMENT AT WHICH PETITIONER IS SUBJECTED TO AT ELMORE CORRECTIONAL FACILITY AND SUPPORT OF SAID MOTION. PETITIONER WILL STATE THE FOLLOWING GROUNDS;

1]. PETITIONER IS A STATE PRISONER WHO IS SERVING A SENTENCE OF 22 YEARS WHOM IS BEING INCARCERATED AT THE ELMORE CORRECTIONAL FACILITY.

2]. PETITIONER MOSE, Roy IS ALLEGING THAT THE ABOVE NAMED DEFENDANT[S] IS VIOLATING HIS FIRST, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS RIGHTS IN THIS HONORABLE COURT'S DECLARATORY IN CASE OF **PUGH V.LOCKE, 406 F.supp.318(1976).**

3]. THE PLAINTIFF[S] McCLAIN, FOY, MORE, AND WEBSTER, ON AND ABOUT OCTOBER 4th, 2005 FILED A COMPLAINT SEEKING TO REPRESENT THEMSELVES AND OTHER SIMILARILY SITUATED STATE PRISONERS THAT IS INCARCERATED UNDER THE UNCONSTITUTIONAL CONDITIONS IN THE ALABAMA INSTITUTIONS. IN VIOLATION OF 42 U.S.C §1983,1985(3) AND 1986 AND ALSO ALLEGES EIGHTH AND FOURTEENTH AMENDMENT VIOLATION OF THE UNITED STATES CONSTITUTION. SEEKING DAMAGES AS WELL AS DECLARATORY AND INJUNCTIVE RELIEF,

IN VIOLATION OF 42 U.S.C. §1983,1985(3),AND 1986,AND ALSO ALLEGES EIGHTH AND FOURTEENTH AMENDMENT VIOLATION OF THE UNITED STATES CONSTITUTION.SEEKING DAMAGES AS WELL AS DECLARATORY AND INJUNCTIVE RELIEF.

4].PETITIONER,INTEREST IN THIS CASE THAT THE NAMED PEAINTIFF[S] IS NOT AN ADEQUATE CLASS REPRESENTIVE ABLE TO FAIRLY REPRESENT THE CLASS.CAUSE WHICH IS PRESENTED PENDING BEFORE THIS COURT.

5].THE PETITIONER LITIGATION COULD BE LOST IF THE INDIVIDUAL CLAIMS OF THE PLAINTIFF[S] IS DISMISSED.UNDER THE USUAL PROCEDURE HISTORY THE COURT RULED THAT IF ON REMAND THE DISTRICT COURT DETERMINED THAT THERE WAS A LIVE CONTROVERSY INVOLVING THE CLASS.IT HAS THE RESPONSIBELITY OF DETERMINING WHO IS AN APPROPRIATE REPRESENTIVE.(SEE) ARMOUR V.CITY OF ANNISTON,622 F 2d.1226(5THCIR.1980).

6].CAUSE OF ACTION COMES WHERE DEFENDANT[s]HAD A DUTY UNDER ALABAMA LAWS TO PROTECT THE RIGHTS OF THE PLAINTIFF[S]AND THAT EACH DEFENDANT[S]HAS PERSONAL KNOWLEDGE OF THE UNCONSTITUTIONAL CONDITIONS IN THE ALABAMA PENAL SYSTEM.

7].THE PETITIONERS FOURTEENTH AMENDMENT RIGHTS FOR EQUAL PROTECTION, TO HAVE A FULL DUE PROCESS BY THE COURT AND ACCESS TO LITIGATE A LEGAL ISSUE WHICH WAS ALLEGED THAT THE PETITIONER IS BEING DEPRIVED OF HIS LIFE AND LIBERTY DUE TO THE SEVERE OVERCROWDING ALABAMA INSTITUTIONS.

THE PETITIONER HAS A CONSTITUTIONAL RIGHT TO REQUEST THIS HONORABLE COURT TO ALLOW HIM TO INTERVENE IN THE ABOVE NAMED PLAINTIFF[S]CAUSE OF ACTION THAT CHALLENGES THE UNCONSTITUTIONAL CONDITIONS IN THE ALABAMA PENAL SYSTEM.UNDER 42 U.S.C §1983 FOR A FULL INVESTIGATION FOR THE DEPRIVATION OF THE EIGHTH AND FOURTEENTH AMENDMENT RIGHTS VIOLATIONS.

RESPECTFULLY SUBMITTED

*Roy D. Mose*
ROY/MOSE #197649
P.O.B./A1-11
ELMORE ALA. 36025