IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONNIE McCLAIN, AIS# 133958
    Plaintiff,

        Vs.                Case #2:05-CV-943-F

BOB RILEY, et al.,
    Defendants.

SPECIAL REPORT OF
WILLIAM SEGREST, Executive Director of
The Alabama Board of Pardons & Paroles

Comes now William Segrest, Executive Director of the Alabama Board of Pardons and Paroles, named as a Defendant in the above-styled action, and shows unto the Court as follows:

**The Complaint**

McClain has filed a §1983 complaint against the Governor, the Attorney General, the Commissioner of Corrections, the Director of the Classification

Division of the Department of Corrections, and the Executive Director of the Board of Pardons & Paroles, in their official capacity. He alleges that the prison system in Alabama is so overcrowded that the conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. He seeks declaratory and injunctive relief.

McClain alleges that the Board of Pardons & Paroles is arbitrary and capricious in denying parole. He contends that the Board has no "specific criteria" for its parole decisions. He contends that the Board requires some prisoners to serve their entire sentence without being granted parole.

### Defendant's Position

Segrest denies the material averments of the Complaint, and in particular the averments of Paragraphs 13 and 39, which appear to be the only averments directed to him or the Board he serves. The Board of Pardons & Paroles is separate and distinct from the Department of Corrections. In fact, it is

separate and distinct from the Executive Branch. It is not subordinate to the Governor, but instead performs functions that are constitutionally severed from the Executive Branch and vested in the Legislative Branch pursuant to Amendment 38 of the State Constitution.

Segrest does not perform the functions of the Board. He advises the Board, and he carries out its decisions. The complaint fails to state a claim against him, in either his individual capacity or his official capacity. As a matter of law, the Executive Director has no authority to grant or deny parole to any prisoner. That power is vested in the Board.

To the extent that the complaint may be construed to aver that Segrest offers advice or performs other discretionary functions that affect the operation of the prison system, he is protected by the doctrine of qualified immunity. The complaint fails to show that any action taken by Segrest violates the Constitution; that a reasonable official in his position would know that it violates the Constitution; and that his action violates clearly established law.

To the extent that the complaint may be construed as an attempt to aver that the Board has violated plaintiff's constitutional rights, the members of that Board are also entitled to qualified immunity. Furthermore, the complaint fails to state a claim against those members.

The Constitution does not require that a State establish a parole system. The Constitution does not require that prisoners be released prior to the end of their sentences. If a State establishes a parole system, the Constitution does not require that the parole system include an entitlement to release. If there is no entitlement to release, the Constitution does not require that the prisoner receive any procedural protections in the parole decision. The Constitution permits States to establish purely discretionary parole systems, in which release decisions are based primarily on society's welfare rather than on the prisoner's welfare. The complaint fails to state a colorable constitutional challenge to Alabama's parole statutes.

Under certain circumstances, this Court could conceivably grant some form of relief against the Executive Branch defendants. However, the Prison Litigation Reform Act precludes this Court from ordering Segrest or the Board to act contrary to the Alabama statutes governing parole.

Segrest and the Board do not have specific knowledge of the facts regarding McClain's averments against the other Defendants. Segrest neither admits nor denies those averments. Even if those averments are true, the complaint fails to allege any action by Segrest that deprives him of a right, privilege or immunity protected under the Constitution or laws of the United States.

Even if the Court finds that the prison system is so overcrowded as to warrant relief, McClain will not be entitled to release. It appears that the greatest benefit he can hope to attain is an improvement in the conditions of his confinement in the event that other prisoners are released or in the event that, through some other measures, the prisons become less crowded.

McClain is serving a seventeen year sentence, received in 1999. He was considered for parole on 7-27-2005, denied, and reset for further parole consideration in July 2007. The newspaper articles attached as exhibits to the complaint illustrate the effort the Board and its staff have expended to alleviate the conditions in the prison system. These efforts have been consistent with their duty to base release decisions on the welfare of society. The corresponding decisions not to release other inmates have also been consistent with that duty. The Constitution does not entitle McClain to an explanation of the reasons that the Board withheld discretionary relief.

Segrest expresses no opinion as to whether the Complaint states a claim against the Executive Branch Defendants. Assuming *arguendo* that it does, the Complaint fails to present a justiciable controversy with Segrest or the Board he serves. Segrest and the Board have no stake in the controversy over the constitutionality of the conditions of confinement in the Alabama prison system. The Complaint fails to

establish subject-matter jurisdiction over any actions Segrest or the Board have taken.

## Conclusion

The Complaint does not present a justiciable controversy with Segrest or the agency he serves. The Complaint fails to aver any act by Segrest or the Board he serves that deprives any person of any right, privilege or immunity protected by the Constitution or laws of the United States. The Complaint fails to allege any act by Segrest taken under color of law. The Complaint fails to allege that Segrest has violated the Constitution or laws of the United States. The Complaint does not show that a reasonable official in Segrest's position would know that he was violating clearly established law. The Complaint seeks no relief that Segrest can deliver.

Segrest is absolutely immune. He is also entitled to qualified immunity. The Court lacks subject-matter jurisdiction in the absence of a justiciable

controversy. The Complaint fails to state a claim under
§1983 against Segrest or the Board he serves.

Whatever course the Court may follow in addressing
the averments against the other Defendants, Segrest is
due to be dismissed from this action now, and there is
no just reason for delay in making final a judgment in
his favor.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREG GRIFFIN
CHIEF COUNSEL


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steven.Sirmon@paroles.alabama.gov



s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 30 January 2006, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the following: Troy King, Bob Riley, Donal Campbell and Paul Whaley, and I hereby certify that I have mailed by United Stated Postal Service the document to the following non-CM/ECF participants:

Leon Foy, #125322
PO Box 8 B1-174
Elmore, Alabama 36025

Ronnie McClain, #133958
PO Box 8 B1-132
Elmore, Alabama 36025

Andre L. Webster, #159444
PO Box 8 C2-152
Elmore, Alabama 36025

Roy More, #197649
PO Box 8 A2-15
Elmore, Alabama 36025

Done this 30th day of January 2006.

Respectfully submitted,


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons & Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steven.Sirmon@paroles.alabama.gov