IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE McCLAIN, #133958 | ) | |
| | ) | |
| v. | ) | 2:05-CV-943-F |
| | ) | |
| BOB RILEY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT

COME NOW, the defendants, **Bob Riley, Donal Campbell, Troy King and Paul Whaley,** and in accordance with this Honorable Court's Order of December 20, 2005, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Ronnie McClain, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Elmore Correctional Facility in Elmore, Alabama.

2. Plaintiff has named the following Defendants:

    a. Bob Riley, Governor of the State of Alabama

    b. Donal Campbell, Commissioner, Alabama State Department of Corrections

    c. Troy King, Attorney General of the State of Alabama

    d. Paul Whaley, Director, Classification Division of the State of Alabama Department of Corrections.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff seeks monetary damages of three hundred million dollars as well as injunctive relief from conditions created by prison overcrowding. Plaintiff alleges in his complaint that:

1. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. The Defendants conspired together unlawfully, maliciously, willfully and intentionally to violate this court's mandate in the case of *Pugh v. Locke* 406 F.Supp 318, 331 (1976).

3. The male and female inmates in the Alabama Prison System "are at a substantial risk of serious injuries and death due to the outrageously overcrowded and dangerous conditions in which they are forced to live."

4. The conditions at the Elmore Correctional Facility are below the constitutional standards for housing inmates as set forth in a court order issued in the case of *Pugh* above.

5. Minimum security females are being forced to be housed with maximum security females.

6. Male prison facilities in Alabama are understaffed.

7. Elmore, Draper, and Frank Lee Youth Center are using Station Institutional Medical Facility to provide medical care for all inmates regardless of the severity of their illness.

8. Prisoners at Elmore Correctional Facility are served unsanitary food on unsanitary trays by inmates known to have communicable diseases with open wounds.

9. The correctional facilities do not have enough urinals, working toilets, showers, or lavatories to accommodate the inmates.

10. Dormitories within the facilities are poorly arranged and prevent the guards from properly monitoring the inmates.

11. Old and young prisoners are mixed together causing the older prisoners to be assaulted by gang members.

12. Prisoners could become violent due to depravation of adequate living space, ventilation, personal safety and security, and other basic needs.

13. Defendants are guilty of price gouging, evidenced by rates three times higher than the "amount through service in society."

14. Indigent prisoners are being denied basic human necessities such as winter coats, gloves, toboggans, and thermal underwear.

15. Defendants have acted with deliberate indifference to the substantial risk of serious injuries to which Plaintiff is exposed.

## DEFENDANTS' EXHIBITS

1. Exhibit A - Affidavit of Willie Thomas, Warden III of Elmore Correctional Facility.

2. Exhibit B – Affidavit of Steve Watson, Warden II of Elmore Correctional Facility.

3. Exhibit C – Affidavit of Defendant Donal Campbell, Commissioner of the Alabama Department of Corrections.

4. Exhibit D – Affidavit of Defendant Paul Whaley, Executive Director of the Alabama Department of Correction Classification Division.

5. Exhibit E – AR 700, Food Service Administration.[1]

6. Exhibit F – AR 403, Disciplinary Proceedings for Major Rule Violations.

7. Exhibit G – AR 400, Classification of Inmates.

8. Exhibit H – ADOC Monthly Statistical Report, September, 2005.

9. Exhibit I – AR 431, Inmate Telephone System.

## DEFENDANTS' RESPONSE

1. Defendants deny conspiring to violate the thirty-year-old court order set out in *Pugh* above.

2. Defendants named in their official capacities are immune by virtue of sovereign immunity.

3. Defendants named in their individual capacities are immune by virtue of qualified immunity.

4. Plaintiff lacks standing to bring this suit against the Defendants in their individual capacities.

5. Defendants deny violating Plaintiff's constitutional rights.

6. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty*

---

[1] The ADOC website contains an index of all ADOC administrative regulations. Regulations that are not restricted for distribution may be viewed or downloaded. http://www.doc.state.al.us/adminregs.asp.

4

*Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.* Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. *Morisky v. Broward County*, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

Plaintiff's allegations of conspiracy are without merit and due to be dismissed from this case. Plaintiff alleges that the Defendants conspired to violate the court order set forth in *Pugh v. Locke* 406 F.Supp 318, 331 (1976) (ordering named defendants to bring all Alabama prisons into compliance with the Eighth Amendment of the United States Constitution) *rev'd in part by sub nom. Newman v. State of Alabama* 559 F.2d 283 (Former 5th Cir. 1977) (holding parts of the lower court's order amounted to overreaching of authority) *rev'd sub nom. Alabama v. Pugh* 438 U.S. 781 (1978) (The State of Alabama and the Alabama Department of Corrections are immune from suits brought by private citizens).[2] Plaintiff's allegations merely parallel facts found by the court in *Pugh*. Notably, Plaintiff's Complaint actually quotes parts of the *Pugh* opinion. *Compare* Plaintiff's Complaint ¶ 27 ("The food service conditions are equally unsanitary, food is stored in dirty storage units and is often infected with insects.") *with Pugh* at 323 ("The food

---

[2] The *Pugh* order Plaintiff refers to is over thirty years old and must be read with *Newman above* because of the modifications ordered by the Fifth Circuit Court of Appeals on remand.

5

service conditions are equally unsanitary. Food is stored in dirty storage units and is often infected with insects."). Aside from parroting facts from *Pugh*, Plaintiff's Complaint contains no other concrete, fact specific allegations necessary to support a conspiracy claim. Plaintiff's allegations are baseless conclusions and Plaintiff's Complaint lacks the specificity required by courts in civil rights and conspiracy actions. *Ford v. DeLoach* 2005 WL 1243346 *4 (M.D. Ala.) (*quoting Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff's conspiracy charges are due to be dismissed.

Plaintiff's claims against Bob Riley, Donal Campbell, Troy King and Paul Whaley in their official capacities are due to be dismissed because they are immune from liability. As the United States Supreme Court has stated:

> "There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978). There has been no consent or wavier of immunity in this case. Thus, Defendants are absolutely immune from being sued in their official capacities.

In addition, the Defendants are entitled to qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly

6

established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. *Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295. None of the named Defendants are responsible for the daily operations of the Elmore Correctional Facility. Governor Bob Riley appointed the Commissioner of Corrections, but does not control the daily operation of Elmore County Correctional Facility. (Exhibit C). Donal Campbell, Commissioner of Corrections, administers the Department of Corrections through his staff and other employees of the Department, but does not control the daily operation of Elmore Correctional Facility. (Exhibit C). Paul Whatley, Director of Classifications for the Department of Corrections, has no authority to manage or maintain correctional facilities in the State of Alabama. (Exhibit D). Attorney General Troy King's duties are set by statute, Ala. Code §36-15-1, et seq. Troy King has no authority to manage or maintain correctional facilities in the State of Alabama. Following *Wilson*, the Defendants sued in their individual capacities are immune from liability.

The Defendants have raised the issues of lack of standing, hence jurisdiction, as well as failure to state a claim upon which relief can be granted. The Plaintiff lacks standing and therefore this Honorable Court lacks jurisdiction. Without standing, the Plaintiff fails to state a claim upon which relief can be granted. Standing is essential to jurisdiction. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U. S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1961). The essence of a standing question is whether the Plaintiff has alleged "a personal state in the controversy." *Harris v. McRae*, 448 U. S. 297, 320 (1981). The Plaintiff must assert "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for the illumination of difficult constitutional questions." *Harris v. Evans*, 20 F. 3d 1118, 1121 (11th Cir. 1994) citing *Saladin v. City of Milledgeville*, 812 F. 2d 687, 690 (11th Cir. 1987)(internal citations omitted).

The Plaintiff did not set forth in his complaint any demonstrable, particularized injury to him. His complaint does not date, describe or otherwise pinpoint any act, omission, or breach of duty which has resulted in any specific injury, whether actual or threatened, to him. The Plaintiff's standing or "personal stake" in this controversy rests entirely upon the implication that his custodial confinement at Elmore Correctional Facility necessarily means that his constitutional rights to be free of cruel and unusual punishment were violated. This does not suffice to establish standing. Furthermore, he attempts to assert the rights of prisoners in Julia Tutwiler Correctional Facility as well as all the others. The threshold showing for standing must demonstrate, as an "irreducible

constitutional minimum, (1) that the plaintiff has suffered an injury in fact, (2) that the injury is fairly traceable to the actions of the defendant, and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission*, 226 F.3d 1226 (11th Cir. 2006); *Harris v. Evans,* 20 F. 3d 118, 1121 (11th Cir. 1994). An "injury in fact" requires an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical. See *Miccosukee Tribe of Indians of Florida*, 226 F. 3d 1226 at 1229; *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1996). Plaintiff failed to include in his Complaint particularized facts concerning a threatened or actual injury sufficient establish standing to assert his rights or the rights of others. Therefore, this court lacks jurisdiction and the Plaintiff's action is due to be dismissed.

Defendants did not violate the Plaintiff's constitutional rights. The language of the Plaintiff's allegations in this case are remarkably similar to those discussed by this Honorable Court in *Nichols v. Bob Riley, et al*, Civil Action No. 2:03CV685-A, Middle District of Alabama, Southern Division, 2004 in which this Court concluded that the conditions of confinement did not violate the Plaintiff's Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment. The Defendants urge the conditions of confinement described by the Plaintiff are not unlawful.

## **CONCLUSION**

Based on the foregoing, Defendants Bob Riley, Donal Campbell, Troy King and Paul Whaley, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


s/ J. Matt Bledsoe
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7443


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 30th day of January 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. Ronnie McClain, #133958
Elmore Correctional Facility
Post Office Box 8
Elmore, Alabama 36025-0008


s/ J. Matt Bledsoe
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL