IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONNIE McCLAIN, #133958,    )
    )
    Plaintiff,    )
    )
    )
    v.    )  CIVIL ACTION NO. 2:05-CV-943-WKW
    )       [WO]
    )
BOB RILEY, et al.,    )
    )
    Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ronnie McClain ["McClain"], a state inmate at the time of filing the complaint, challenges conditions of confinement present in the Alabama prison system during his incarceration at the Elmore Correctional Facility. McClain names Bob Riley, Governor of the State of Alabama, Donal Campbell, former commissioner for the Alabama Department of Corrections, Troy King, Attorney General for the State of Alabama, William Segrest, executive director of the Alabama Board of Pardons and Paroles, and Paul Whaley, director of classification for the Alabama Department of Corrections, as defendants in this cause of action. McClain seeks compensatory, declatory and injunctive relief from the defendants in both their official and individual capacities.

The defendants filed special reports, answers and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment. *Order of*

*February 1, 2006 - Court Doc. No. 39.*  Thus, this case is now pending on the defendants'

motions for summary judgment.  Upon consideration of these motions, the evidentiary

materials filed in support thereof and the plaintiff's responses in opposition to the motions,

the court concludes that the defendants' motions for summary judgment are due to be

granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is

no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th

Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)).  The party moving for summary

judgment "always bears the initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of the 'pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986) (citation to rule omitted).  The movant may meet this

burden by presenting evidence indicating there is no dispute of material fact or by showing

that the nonmoving party has failed to present evidence in support of some element of its

case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of

a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motions for summary judgment, McClain is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary

3

judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609

(11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary

5

judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, McClain fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

### A. Claims Arising Under Court Order

McClain seeks relief from this court based on the defendants alleged failure to follow the directives of an order issued by this court in *Pugh v. Locke*, 406 F.Supp. 318 (M.D. Ala. 1976). This claim, however, provides no basis for relief as 42 U.S.C. § 1983 governs only violations of rights secured by either the United States Constitution or federal laws. *Golden States Transit Corporation v. Los Angeles*, 493 U.S. 103 (1989); *Wilder v.*

6

*Virginia Hospital Association*, 496 U.S. 498 (1990). Remedial orders of a federal court do not create rights enforceable under the Constitution or laws of the United States. *See Green v. McKaskle*, 788 F.2d 1116 (5th Cri. 1986); *see also De gidio v. Pung*, 704 F.Supp. 922 (D.C. Minn. 1989) (agreeing with *McKaskle*), *aff'd on unrelated grounds*, 920 F.2d 525 (8th Cir. 1990). In light of the foregoing, the court concludes that the federal court order on which the plaintiff bases various claims does not establish rights which are enforceable under 42 U.S.C. § 1983.

### B. Lack of Standing - Claims Alleged on Behalf of Other Inmates

Standing is a cornerstone of American jurisprudence on which jurisdiction lies. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction). "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]' *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae*, 448 U.S. 297, 320 (1981) (same).

Standing involves two aspects. The first is the minimum "case or controversy"

7

constitutional requirement of Article III. *Saladin*, 812 F.2d at 690. "To satisfy this 'irreducible' constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin*, 812 F.2d at 690, citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982); *Warth v. Seldin*, 422 U.S. 490, 499 (1975). If any element is lacking, a plaintiff's claim is not viable. In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin*, 812 F.2d at 690 (internal citations omitted) ("The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations.... Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties").

The instant complaint contains several claims relative to conditions of confinement to which other inmates, both male and female, have been subjected at the Elmore Correctional Facility and other correctional facilities throughout the Alabama prison

system. In accordance with applicable federal law, McClain lacks standing to assert the constitutional rights of other persons. *Saladin*, *supra.*; *Allen v. Wright*, 468 U.S. 737, 751 (1984). The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. With respect to the claims arising from alleged violations of other inmates' constitutional rights, McClain is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. These claims therefore entitle McClain to no relief and summary judgment on such claims is due to be granted in favor of the defendants.

### C. Official Capacity Claims and Eleventh Amendment Immunity

McClain sues each of the defendants in their official capacity. The defendants argue they are immune from suit in their official capacities pursuant to the Eleventh Amendment.[1] Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, [59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr*

---

[1] Eleventh Amendment immunity does not foreclose suits for equitable, i.e., injunctive and/or declaratory, relief; rather, if applicable, it forecloses suits for compensable damage awards.

*v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress

has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune

from claims brought against them in their official capacities."  *Lancaster v. Monroe*

*County*, 116 F.3d 1419, 1429 (11th Cir. 1997); *Powell v. Barrett*, 496 F.3d 1288, 1304,

1308 (11th Cir. 2007) (state defendants sued in their official capacity for monetary damages

are immune from suit under the Eleventh Amendment).

In light of the foregoing, it is clear that the defendants are state officials entitled to

sovereign immunity under the Eleventh Amendment for claims seeking monetary damages

from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia*

*Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus, the defendants

are entitled to absolute immunity from any claims for monetary relief presented against

them in their official capacities.  *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### D.  Individual Capacity Claims

1. <u>Conditions of Confinement</u>.  McClain complains the defendants enacted policies

and procedures which resulted in overcrowding and under staffing at the Elmore

Correctional Facility.  He further complains that the overcrowded conditions resulted in

a dangerous living environment, the spread of infectious diseases, denial of adequate living

space, insufficient ventilation, lack of sufficient toilet and shower facilities, unsanitary

food service, deficient seating for meals, inadequate clothing, expensive telephone charges

and inferior health care.  The defendants filed evidentiary materials which refute these

10

claims. Specifically, these materials indicate that prisoners are adequately fed, clothed, sheltered, protected and provided access to medical treatment.

Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "'[T]he Constitution does not mandate comfortable prisons.' *Id.* at 349, 101 S.Ct. at 2400. If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' *Id.* at 347, 101 S.Ct. at 2399. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' *Id.*" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). A prison official may likewise be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-1983.

In order to survive summary judgment on his claims challenging the conditions of

confinement at Elmore Correctional Facility, McClain is therefore "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("To be deliberately indifferent, Defendants must have been 'subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also 'draw that inference.' *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.").

The living conditions within a prison will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain.... Conditions ..., alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency .... But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. "[C]onduct that does not purport to be punishment at all [such as claims related to conditions of confinement] must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is ***obduracy and wantonness, not inadvertence or error***

12

*in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

To determine whether conditions of confinement constitute cruel and unusual punishment violative of the Eighth Amendment, the court must look to "the effect" the condition has upon the inmate. *Rhodes*, 452 U.S. at 366. In a case involving conditions of confinement generally or several different conditions, the court is required to consider whether the claims together amount to conditions which fall below constitutional standards. *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied Hamm v. De Kalb County*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). The court's consideration of whether the totality of the plaintiff's claims amount to conditions which fall below applicable constitutional standards is limited by the Supreme Court's admonishment that "*[s]ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need.... To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific

deprivation of a single human need exists." *Wilson*, 501 U.S. at 304-305 (emphasis in original).

As is clear from a review of the complaint, McClain presents an almost limitless array of alleged unconstitutional conditions at the Elmore Correctional Facility. Such pleading is clearly the type of unstructured "overall conditions" complaint that the Supreme Court found without constitutional merit in *Wilson*. Notwithstanding the foregoing, the impact of these allegations also does not rise to the level of cruel and unusual punishment because the plaintiff presented no evidence, sufficiently probative or otherwise, which shows obduracy or wantonness on the part of the defendants. *Whitley*, 475 U.S. at 319. Moreover, McClain fails to demonstrate any effect the alleged constitutional violations had upon him. Instead, his complaint and responses focus upon potential risks, possible consequences and speculative damages.

Upon careful review of the evidentiary materials filed in this case, the court concludes that the challenged conditions did not deprive McClain of the minimal civilized measure of life's necessities nor subject him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347. In addition, the evidence before the court simply does not support a finding that the defendants acted with deliberate indifference or reckless disregard to McClain's constitutional rights. The conditions at the Elmore Correctional Facility, cramped as they might be, do not constitute cruel and unusual punishment. *Rhodes*, 452 U.S. at 366. Consequently, summary judgment is due to be

14

granted in favor of the defendants on these claims. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Carter*, 352 F.3d at 1349-1350.

    2. <u>Conspiracy Claim</u>.  McClain alleges the defendants conspired against him to effectuate violations of his constitutional rights.  "Conspiring to violate another person's constitutional rights violates [42 U.S.C.] section 1983. *Dennis v. Sparks*, 449 U.S. 24, 27 101 S.Ct. 183, 186 (1980); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988), *overruled in part on other grounds by Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990), *cert. denied*, 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991).... [T]he linchpin for conspiracy is agreement ..." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).  In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, ... [he] must [produce] some evidence of agreement between the defendants....  For a conspiracy claim to survive a motion for summary judgment '[a] mere "scintilla" of evidence ... will not suffice; there must be enough of a showing that the jury could reasonably find for that party.' *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990)." *Rowe*, 279 F.3d at 1283-1284.  Merely "stringing together" adverse acts of

individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

The evidentiary materials submitted by the defendants rebut the plaintiff's self-serving, conclusory allegation that they conspired against him. Specifically, the defendants deny they acted in concert or otherwise to violate McClain's constitutional rights. The court has carefully reviewed the documents filed by the plaintiff. McClain fails to proffer any evidence, other than his own speculative statements, which demonstrates that the defendants "reached an understanding" to violate his rights or committed an "actionable wrong to support the [alleged] conspiracy." *Bailey*, 956 F.2d at 1122; *Bendiburg*, 909 F.2d at 468. At best, McClain's assertion is purely a self-serving, conclusory allegation that fails to assert those material facts necessary to properly allege a conspiracy between the defendants. "In civil rights actions, ... a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.... It is not enough to simply aver in the complaint that a conspiracy existed.... A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984) (citations omitted). McClain has failed to make an evidentiary showing sufficient to establish the existence of any essential element of his conspiracy claim that is not conclusory, vague or general and summary judgment is therefore due to be granted in favor of the defendants on this claim. *Bailey*, 956 F.2d at 1122.

3. <u>Custody Classification Level</u>. To the extent McClain challenges the custody classification process, he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

4. <u>Denial of Parole</u>. McClain asserts the denial of parole violated his constitutional right to due process. In support of this claim, McClain alleges the policies and procedures of the Alabama Board of Pardons and Parole resulted in a decision to deny parole which was arbitrary and capricious.

Initially, the court notes that none of the named defendants participated in the decision to deny McClain parole. The law is well settled that defendants cannot be held liable in 42 U.S.C. § 1983 actions under the theory of respondeat superior or on the basis of vicarious liability. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S.Ct. 2428 (2007) ("Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability. *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Geobert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) (federal courts "do not recognize vicarious liability, including respondeat superior, in § 1983 actions."); *Belcher*

*v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). In light of the foregoing, the court concludes that summary judgment is due to be granted in favor of the defendants on McClain's challenge to the denial of parole. Additionally, the court finds this claim without merit.

"The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest created." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). This court's exhaustive review of the history of the Alabama parole statute establishes that from its inception the statute has been framed in discretionary terms. The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process....' *Greenholtz*, 442 U.S. [1,] 11, 12, 99 S.Ct. [2100,] 2105, 2106 (1979).... [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date."

*Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982). McClain does not possess a liberty interest in being granted parole that is protected by the Due Process Clause. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to the parole decision making process. *Thomas*, *supra*.

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. Defendant Segrest, the sole parole defendant, maintains the parole board acted in accordance with state and federal law during the parole consideration process in an effort to determine McClain's suitability for release on parole. *Defendant Segrest's Special Report - Court Doc. No. 35* at 4-7. Defendant Segrest asserts that in making any decision the parole board

19

acts "consistent with [the] duty to base release decisions on the welfare of society." *Id.* at 6. The efforts of the parole board demonstrate reasonable and appropriate actions, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). McClain has failed to present any evidence indicating arbitrary or capricious action in the parole decision-making process and entry of summary judgment in favor of the defendants is likewise appropriate for this reason.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 15, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of May, 2008.

/s/ Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE